IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

          Plaintiffs                  Case No.  3:19-CR-0171-2

-vs-                                 Judge Thomas M. Rose

NATHAN GODDARD, ET AL.,

          Defendant

---

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DETENTION (Doc. 19)

---

This matter comes before the Court pursuant to Defendant Cahke Cortner's Motion to Reconsider Detention Order (Doc. 19) filed December 4, 2019, pursuant to 18 U.S.C. 3145(b), and the Government's Response (Doc. 22) filed December 23, 2019.

The Court convened a hearing on said Motion January 16, 2020.  Appearing on behalf of the Government was Assistant United States Attorneys Dominick Gerace, Brent Tabacchi and Erin Claypoole.  Appearing on behalf of Defendant Cortner was Attorneys Dennis Lieberman and James Calhoun. Defendant offered Exhibits A thru Z while the Government offered exhibits A1 thru A3, B1 thru B4 and C1 thru C3. The Court admitted all exhibits offered without objection. The Court also admitted letters submitted to the Court by Defendant Cortner (Exhibit AA) and his sister (Exhibit BB).

Defendant Cortner argues that his exhibits and proffers offered, through counsel, to the Court overcame any presumption which is found in 18 U.S.C. 3142.

Under 18 U.S.C. 3142(e)(3) there is a statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

safety of the community with respect to individuals charged with serious controlled substances and firearm offenses.

In this case Defendant Cortner is charged with five federal offenses. All five of said charges carry the statutory presumption in favor of detention.

On November 14, 2019 a federal grand jury indicted Defendant Cortner with conspiracy to possess with intent to distribute and distribute 400 grams or more of fentanyl, 5 kilograms or more of cocaine and marijuana in violation of 21 U.S.C. §§846 and 841(b)(1)(A) and (D); possession with intent to distribute 400 grams or more of fentanyl, 5 kilograms or more of cocaine and marijuana in violation of 21 U.S.C §§841(a)(1) and (b)(1)(A) and (D); use and discharge of a firearm resulting in death during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) and (j); and two counts of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c) .

Defendant, in light of these charges, faces mandatory minimums of 10 years on four of said charges and five years on one. The possible maximum on all counts is life with three of the charges requiring mandatory consecutive sentencing to any other terms of imprisonment. Two of said counts carry a potential penalty of death.

On November 4, 2019 agents of the DEA executed a federal search warrant at 1454 Ruskin Road, Dayton, Ohio. Upon making entry into said residence, DEA Task Force Officer and Dayton Police Department Detective Jorge Del Rio descended the staircase into the basement and was immediately struck by gunfire, which resulted in his death. Agents secured the area and located Defendant Cortner, co-defendants Nathan Goddard and Lionel Combs as well as a fourth individual in the basement. In addition, Agents located two 5.7 caliber pistols, one on the person of Defendant Cortner, as well as 50-60 pounds of marijuana, over four kilograms of cocaine and

approximately $51,000.

In addressing the rebuttable presumption, counsel for Defendant Cortner presented that he has resided with his wife and her two sons for at least eight years and has, but for a very brief time, lived in Dayton his entire life. Further, Defendant Cortner has been employed at DMAX in Moraine for 19 years, earns $26 per hour, pays child support for two children of a previous relationship and has no prior felony convictions.

Although Defendant's attributes offered can be viewed as positive, the Court finds they do not rise to the degree that rebuts the presumption of detention.

Additionally, the Defendant, asserting co-defendant Goddard has accepted responsibility for the actual shooting and the drugs found in the residence, argues the weight of the evidence against him is not strong. The Court disagrees. As previously indicated, the circumstances in these offenses involve significant amounts of numerous drugs as well as numerous dangerous firearms, one of which resulted in the death of DEA Agent Del Rio and one in the possession of Defendant Cortner. With these factors, individually and collectively, the presumption weighs heavily in favor of Defendant Cortner's detention. The Court does find that the weight of the evidence of Defendant's dangerousness is substantial due to the nature and circumstances of the offenses, including the amount of drugs present, Defendant's possession of a loaded firearm and the death of a DEA task force officer.

In light of said presumption and considering the total nature and circumstances of the offenses charged, their seriousness, as well as what appears to be the weight of the evidence against Defendant, the Court finds there are no conditions or combination of conditions that would reasonably assure the appearance of Defendant as required and the safety of the community.

Defendant's Motion to Reconsider Detention (19) is DENIED.

IT IS SO ORDERED.

February 18, 2020                              *s/Thomas M. Rose

                                        _____
                                        THOMAS M. ROSE, JUDGE
                                        United States District Court