IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.  3:19-cr-171 |
| | : | |
| v. | : | |
| | : | UNITED STATES' RESPONSE IN |
| NATHAN GODDARD, ET AL., | : | OPPOSITION TO DEFENDANT'S |
| | : | SECOND MOTION TO RECONSIDER |
| Defendants. | : | DETENTION ORDER |
| | : | |

Defendant Cahke Cortner's Second Motion to Reconsider Detention Order should be

denied.   On February 18, 2020, after briefing by both parties and a hearing, this Court denied

Cortner's first Motion to Reconsider Detention.  In its Order, the Court correctly noted that

Cortner is charged with five federal offenses, all of which carry the statutory presumption in

favor of detention.  The Court concluded that the facts that Cortner presented during the

hearing—the very same facts that he relies upon now—did not rise to a degree that rebuts the

presumption of detention.   In the Court's words:

> Although Defendant's attributes offered can be viewed as positive, the Court finds
> they do not rise to the degree that rebuts the presumption of detention.
>
> Additionally, the Defendant, asserting co-defendant Goddard has accepted
> responsibility for the actual shooting and the drugs found in the residence, argues
> the weight of the evidence against him is not strong. The Court disagrees. As
> previously indicated, the circumstances in these offenses involve significant
> amounts of numerous drugs as well as numerous dangerous firearms, one of
> which resulted in the death of DEA Agent Del Rio and one in the possession of
> Defendant Cortner. With these factors, individually and collectively, the
> presumption weighs heavily in favor of Defendant Cortner's detention. The Court
> does find that the weight of the evidence of Defendant's dangerousness is
> substantial due to the nature and circumstances of the offenses, including the
> amount of drugs present, Defendant's possession of a loaded firearm and the
> death of a DEA task force officer.

> In light of said presumption and considering the total nature and circumstances of the offenses charged, their seriousness, as well as what appears to be the weight of the evidence against Defendant, the Court finds there are no conditions or combination of conditions that would reasonably assure the appearance of Defendant as required and the safety of the community.

ECF No. 39.

Cortner now argues that the Court should reverse course on its bond determination based on the mere fact that the United States has filed a notice that it will not seek the death penalty against him. But Cortner's motion offers no new change in circumstances with respect to the factors set out in the Bail Reform Act. For the reasons stated below, and for those reasons previously stated in the United States's response to, and oral argument concerning, Cortner's first motion, the Court should deny Cortner's instant motion.

With respect to the nature and circumstances of the offense, Cortner remains subject to the same five offenses, all of which still carry the statutory presumption in favor of detention. While the government has decided that it will not seek the death penalty against Cortner with respect to the offenses for which capital punishment is an option, the offenses that Cortner continues to face are no less serious. Cortner still faces a mandatory minimum of 10 years of imprisonment with respect to four of the offenses, a mandatory minimum of five years of imprisonment with respect the fifth offense, and faces up to a lifetime of imprisonment on all of these offenses. Accordingly, the charges against Cortner remain the most serious under federal law regardless of the government's decision on the death penalty.

Nothing about the facts of this case, moreover, has become less serious with respect to Cortner. In fact, since the last time the Court visited the issue of Cortner's bond status, the facts establishing Cortner's involvement in the drug conspiracy that led to the murder of TFO Del Rio have become even stronger. In his initial motion for reconsideration of the detention order and

now in the instant motion, Cortner continues to rely upon co-defendant Goddard's so-called "exoneration" of Cortner and co-defendant Combs. Yet, as discussed in the government's response to Cortner's motion to sever, the government has now completed a forensic examination of a cellular phone belonging to Cortner that was recovered at the 1454 Ruskin Road residence immediately following the shooting of TFO Del Rio. Text messages on that phone show that the day of the shooting, November 4, 2019, Cortner communicated with another individual (identified herein as "B.V.") about the prices for the very types of drugs that were recovered by officers in the 1454 Ruskin Road residence:

| | |
|---|---|
| Cahke Cortner: | What's the numbers in the streets on green whole thang |
| Cahke Cortner: | That u letting go for |
| B.V.: | 24s |
| Cahke Cortner: | I got some 22s beautiful and that's what I get them for sour og & gorilla glue |
| Cahke Cortner: | It's not like the shyt cuz got |
| B.V.: | Ok bet |
| Cahke Cortner: | Ol boy & girl here wit'em |
| B.V.: | I don't fuk with cuz on the loud cause last time he fleeced me |
| Cahke Cortner: | when I was there |
| B.V.: | Oh yeah what's them numbers |
| B.V.: | Nah awhile bk |
| Cahke Cortner: | Word let me find out |
| Cahke Cortner: | 32 for old girl and 60 for dude |
| B.V.: | Ok bet I hit you later |

Cahke Cortner:          Word

The government intends to introduce evidence at trial establishing that "green" is a commonly used term that drug traffickers use for marijuana, that "sour og" and "gorilla glue" are strains of marijuana, that "boy" and "dude" are commonly used terms for opioids like heroin and fentanyl, and that "girl" is a commonly used term for cocaine.  Further, the prices quoted by Cortner (i.e., "32 for old girl and 60 for dude") are consistent with prices (i.e., $32,000 and $60,000) for kilogram quantities of cocaine and fentanyl, respectively, in the Dayton area at the time of shooting.  Of course, following the shooting of TFO Del Rio, officers recovered large quantities of marijuana, fentanyl, and cocaine at the 1454 Ruskin Road residence.

With respect to the weight of the evidence, the evidence discussed above—coupled with Cortner's carrying of the same type of firearm with laser sight used by Goddard to kill TFO Del Rio—only reinforces this Court's previous conclusion that the weight of the evidence of dangerousness with respect to Cortner is strong, and solidifies the Court's conclusion that Cortner's release would pose a danger to the community.

Finally, nothing has changed with respect to Cortner's history and personal characteristics.  Even if, as the Court stated in its first order, some of Cortner's proffered personal characteristics could be viewed as positive, they do not overcome the statutory presumption in favor of detention, much less the other factors of the Bail Reform Act, discussed above.

For the foregoing reasons, the United States respectfully submits that the Court should

deny defendant's second motion to reconsider detention order.

Respectfully submitted,

DAVID M. DeVILLERS
United States Attorney


s/ Dominick S. Gerace
DOMINICK S. GERACE (OH 0082823)
BRENT G. TABACCHI (6276029)
Assistant United States Attorneys
ERIN LEIGH CLAYPOOLE
Special Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
dominick.s.gerace@usdoj.gov
brent.tabacchi@usdoj.gov
ClaypooleE@mcohio.org

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of October, 2020, I filed the foregoing using the

Court's CM/ECF system, which will send notification of this filing to all counsel of record.


s/ Dominick S. Gerace
DOMINICK S. GERACE (OH 0082823)
Assistant United States Attorney