UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

CAHKE CORTNER, *et al.*,

 Defendants.

Case No. 3:19-cr-171

District Judge Michael J. Newman

___

**ORDER AND ENTRY DENYING DEFENDANT CORTNER'S
MOTION TO SEVER (DOC. 46)**
___

This criminal case is before the Court on Defendant Cahke Cortner's motion to sever. Doc. 46. The government filed a memorandum in opposition. Doc. 50. Thereafter, on December 15, 2020, the Court, with the consent of Defendant, held a hearing via video conference on Defendant's motion. The Court has carefully considered all of the foregoing, and Defendant's motion is ripe for decision.

**I.**

The government charges Defendant Cortner and his co-Defendants, Nathan Goddard and Lionel Combs, III, in an eleven (11) count indictment. Doc. 15. In sum, the government charges all three Defendants with allegedly engaging in a drug distribution conspiracy; using firearms in furtherance of that conspiracy; and causing the death of Drug Enforcement Administration ("DEA") Task Force Officer and Dayton, Ohio Police Department Detective Jorge Del Rio as a result of their use of firearms to further the conspiracy. Doc. 15. In addition to the foregoing, the government charges Defendant Goddard with criminal counts for having allegedly pulled the trigger of the firearm that killed Detective Del Rio. *Id.*

Notably, to date, the government has not made a final determination as to whether it will seek the death penalty against Defendant Goddard. As discussed at length during the hearing on December 15th, the government and Defendant Goddard remain engaged in the mitigation phase of that process and, at this point, Defendant Goddard's deadline to submit mitigation materials is May 1, 2021, and the government's deadline to state its recommendation concerning pursuit of the death penalty is October 1, 2021.

The government has filed a notice advising the Court, counsel, and all parties that it does not intend to pursue the death penalty against Defendant Cortner. Doc. 62. Nevertheless, Defendant Cortner remains charged with criminal responsibility for Detective Del Rio's death because of his alleged involvement in the conspiracy and his alleged use of firearms in furtherance of that conspiracy. According to the government, if Defendant Cortner is ultimately convicted of the charged offenses, he faces the possibility of a life sentence.

## II.

Defendant Cortner has moved to sever his trial in this case from the trial of his co-Defendants. Doc. 46. To that end, Cortner argues that: (1) the charges against him and his co-Defendants were improperly joined under Fed. R. Crim. P. 8(b); and (2) even if properly joined, his trial should be severed from the trial of his co-Defendants under Fed. R. Crim. P. 14(a) because he will be prejudiced should all Defendants be tried together.

Criminal "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 132 (1968)). With regard to the joinder of multiple defendants in a single case, Rule 8(b) provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series

2

> of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Rule 8 is to be construed broadly to favor joinder. *United States v. Franks*, 511 F.2d 25, 28 (6th Cir. 1975). However, "failure to meet the requirements of [Rule 8] constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982).

The propriety of joining multiple defendants for a single trial is determined "by looking to the allegations in the indictment." *United States v. Maddux*, 917 F.3d 437, 449 (6th Cir. 2019). In determining whether joinder is appropriate under Rule 8, "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to ensure that a given transaction need only be proved once." *Franks*, 511 F.2d at 29. "Forcing the Government to prove . . . overlapping facts again and again in multiple trials would only cause the sort of unnecessary expense, inconvenience, and delay that joinder is meant to avoid." *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019).

In this case, the Court finds no merit to Defendant Cortner's argument regarding misjoinder under Rule 8(b). As noted above, all three Defendants are charged, *inter alia*, with allegedly engaging in a drug conspiracy, using firearms in furtherance of that conspiracy, and causing the death of Detective Del Rio as a result of that use of firearms. Doc. 15. "It is settled law that an allegation of conspiracy creates a *prima facie* presumption of proper joinder." *United States v. Tsanges*, 582 F. Supp. 237, 239 (S.D. Ohio 1984). Defendant Cortner presents no argument or evidence sufficient to overcome any such presumption and, in fact, the Court's review of the indictment confirms the government's assertion of proper joinder in this case because, as alleged therein, Defendants purportedly engaged in the same series of acts or transactions underlying the charges asserted against them.

Even where joinder of defendants is proper under Rule 8(b), the Court can sever trial for those defendants where such joinder "appears to prejudice a defendant[.]" Fed. R. Crim. P. 14(a). Rule 14 provides, in relevant part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Severance under Rule 14(a) is proper "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.

Here, Defendant Cortner argues that a joint trial would: (1) compromise his right to a speedy trial; (2) potentially force his case to be heard by a jury qualified to consider the death penalty despite the government's notice of intent to not seek such penalty against him; (3) confuse the jury because of an apparent difficulty to distinguish the evidence and defenses presented as to each Defendant;[1] (4) impassion the jury against him because of the severity of the potential death penalty sought against Defendant Goddard; (5) prejudice his right to confront witnesses under the Sixth Amendment as set forth in *Bruton v. United States*, 391 U.S. 123 (1968).  At this time, the Court finds no apparent serious risk that a joint trial would compromise any trial right of Defendant Cortner in this case, and further finds severance under Rule 14(a) inappropriate.

With regard to speedy trial, the time in which Defendant Cortner must be brought to trial under 18 U.S.C. § 3161 is not in jeopardy in light of the Court's continuance of trial in this matter because of the complexities associated with case, and because of the reasonable period of delay

---

[1] Similarly, Defendant Cortner also argues that: his defenses are irreconcilable with those of his co-Defendants; the evidence against him is radically different to the evidence relating to the other Defendants; and severance would simply proceedings and further judicial economy.  Doc. 46 at PageID 281-84.  Cortner fails to detail the purportedly irreconcilable defenses or the radically different evidence at issue in the case. Nor has he demonstrated how severance would further judicial economy, given that severance would mean two trials in this instance, not one.

4

attributable to the potential pursuit of the death penalty against Defendant Goddard. 18 U.S.C. §§ 3161(h)(6) – (7). Insofar as Defendant Cortner asserts that his speedy trial rights under the Sixth Amendment may be implicated, his argument in support of this contention is perfunctory and not presented with sufficient detail for the Court to meaningfully consider. *See United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011).

In arguing that a joint trial with a capital Defendant would prejudice him -- whether it be because of the death penalty qualification, consideration of differing evidence and defenses between Defendants, or potential prejudice arising from being tried together with Goddard—Defendant Cortner does not articulate any specific prejudice arising from the unique facts and circumstances of this case. Instead, Defendant relies on the general assertion that a non-capital defendant cannot receive a fair trial when joined with a capital defendant, a contention that has been rejected by the Supreme Court. *Buchanan v. Kentucky*, 483 U.S. 402, 418-20 (1987).

Further, the Court notes that the government has not yet decided whether to pursue the death penalty against Defendant Goddard. Therefore, concerns about prejudice arising from being tried jointly with a capital Defendant are premature at this time. *See United States v. Minaya*, 395 F. Supp. 2d 28, 41 (S.D.N.Y. 2005) ("Given that the Government may still decide not to seek the death penalty against any of the defendants in this case and that trial is not scheduled to commence for almost one year, the Court declines to order severance at this time on the basis of the death-eligibility of certain defendants"); *United States v. Prosano*, No. 3:20-CR-00086 (KAD), 2020 WL 5441344, at *4 (D. Conn. Sept. 10, 2020) ("[T]he Court need not speculate as to the potential prejudice [defendant] might face if tried before a death qualified jury because the Government has not yet decided whether to seek the death penalty against . . . co-defendants").

Finally, Defendant argues that the United States Supreme Court's decision in *Bruton* requires separate trials in this case. In *Bruton*, the Supreme Court "held that a defendant is

deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987).

However, as noted by the government, "*Bruton* . . . does not hold that defendants in joint trials involving *Bruton* problems are entitled to separate trials." *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990). Instead, "where a *Bruton* situation exists, the court may protect the non-confessing defendant's Sixth Amendment rights by 1) exclusion of the confession, 2) severance of the trial, or 3) redaction of the confession to avoid mention or obvious implication of the non-confessing defendant." *Stanford v. Parker*, 266 F.3d 442, 456 (6th Cir. 2001).

Here, while Defendant Cortner argues that *Bruton* requires separate trials, he identifies no statement in which he has been incriminated. Further, assuming co-Defendant statements incriminating Defendant Cortner exist, he does not detail why redaction of such statement would be insufficient. *See United States v. Allen*, No. 3:11-00194, 2012 WL 4174894, at *3 (M.D. Tenn. Sept. 19, 2012) (denying a motion to sever where defendants "failed to identify any potential co-defendant statements that would violate *Bruton*" and further failed to indicate "why redaction of the statements would not eliminate any prejudice").

## III.

Based on all of the foregoing, Defendant Cortner's motion to sever (doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

Date:  December 17, 2020              s/ Michael J. Newman
                                                                   Michael J. Newman
                                                                   United States District Judge